**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THYSSENKRUPP STEEL NORTH AMERICA, INC., and XL SPECIALTY INSURANCE COMPANY | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:24 CV 10014 |
| v. | ) ) | Hon. Franklin U. Valderrama |
| UNION PACIFIC RAILROAD COMPANY and NORFOLK SOUTHERN CORPORATION, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Thyssenkrupp Steel North America, Inc., (Thyssenkrupp) an importer and trader of steel cargoes, retained Union Pacific Railroad Company and Norfolk Southern Corporation (Norfolk Southern) (collectively, Defendants) to transport a load of steel coils. The cargo, however, was damaged. Thyssenkrupp submitted a claim to its insurer, XL Specialty Insurance Company (together with Thyssenkrupp, Plaintiffs), which paid the claim and became subrogated to the rights of Thyssenkrupp to sue for damages. Plaintiffs sued Defendants asserting claims under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C § 11706[1] (Carmack Amendment), as well as common law claims for breach of contract, vicarious liability, and negligence. *See* R.1, Compl. at ¶¶ 5-7. Defendant Norfolk Southern moves to dismiss the common law claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that those claims are preempted by the Carmack Amendment. R. 16. Mot. Dismiss. For the reasons that follow, the Court grants the Motion.

**Background**

Thyssenkrupp is an importer and trader of steel cargoes. Compl, ¶ 2. On or about May 26, 2022, Thyssenkrupp loaded twenty-seven steel coils (the Cargo) in good condition into three box cars, in Camden, New Jersey. *Id*. ¶ 14. Thyssenkrupp

---

[1]Plaintiffs' complaint states that 49 U.S.C. § 14706 governs liability in this case. R. 1, Compl. ¶ 9. However, that statute concerns *motor* carriers, whereas here, Defendants are *rail* carriers. The statute that governs liability in this case is 49 U.S.C. § 11706. Thus, that is the statute to which the Court will refer throughout this Order.

then retained Defendants to transport the Cargo, via rail, from Camden, New Jersey to Fridley, Minnesota. *Id.* ¶ 15. This shipment, according to Plaintiffs, was transported in accordance with a bill of lading and/or another contract of carriage. *Id.* ¶¶ 17, 18. Plaintiffs contend that the Cargo was damaged during transport. *Id.* ¶ 21. Thyssenkrupp submitted a claim to its insurer, XL Specialty, for the loss of the Cargo, which paid the claim. *Id.* ¶ 3. Plaintiffs then submitted a claim to the Defendants for the loss of and damage to the Cargo, in the amount of at least $61,898.00. *Id.* ¶ 22. Defendants have not paid the claim. *Id.* ¶ 23.

Plaintiffs sued Defendants, alleging violations of the Carmack Amendment (Count I) as well as claims for common law breach of contract (Count II); vicarious liability (Count III); and negligence (Count IV). *See* Compl. Norfolk Southern moves to dismiss, under Rule 12(b)(6), stating that Plaintiffs' common law claims are preempted by the Carmack Amendment. *See* Mot. Dismiss. The fully briefed motion is before the Court.

## Legal Standard

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). As such, a motion to dismiss for failure to state a claim does not test the merits of the claim, but rather the sufficiency of the complaint. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff when considering the dismissal of a complaint. *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, the plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be facially plausible, the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

In Count I, Plaintiffs allege that Defendants breached their contracts of motor carriage. Compl. ¶¶ 24-30. This claim is brought under the Carmack Amendment.

"The Carmack Amendment governs liability of a common carrier to a shipper for loss of, or damages to, an interstate shipment." *North American Van Lines, Inc., v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 455 (7th Cir. 1996). The Carmack Amendment codifies "the common law liability of carriers for damages to a shipper's goods. *Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 633 (7th Cir. 2001). "Put simply, the Amendment provides shippers with the statutory right to recover for actual losses or injuries to their property caused by carriers involved in the shipment." *Codan*

*Forsikring A/S v. ConGlobal Indus.*, 315 F.Supp. 3d 1085, 1090 (N.D. Ill. 2018) (cleaned up). Under the Carmack Amendment:

> A rail carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. *That rail carrier and any other carrier that delivers the property and is providing transportation or service* . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused . . . Failure to issue a receipt or bill of lading does not affect the liability of the rail carrier.

49 U.S.C. § 11706(a) (emphasis added).

The purpose of the Carmack Amendment was to create a "nationally uniform rule of carrier liability for interstate shipments. *North American Van Lines*, 89 F.3d at 454. Generally, Carmack preempts state-law claims that a shipper may bring against a carrier for lost or damaged goods. *REI Transp. Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008). Before the Carmack Amendment, inconsistencies across states regarding carriers and liability created issues for businesses shipping goods interstate, as courts could find them liable in one state but not in another. *Id*. Thus, Congress enacted the Carmack Amendment to remedy this confusion by setting one standard regarding carrier liability. *Id*.

In Counts II, III and IV, Plaintiffs' assert common claims for breach of contract, vicarious liability, and negligence. Norfolk Southern argues that these counts should be dismissed because they are preempted by the Carmack Amendment, 49 U.S.C § 11706. Plaintiffs counter that their complaint "make[s] no reference to state law and therefore cannot be preempted." R. 22, Resp. at 1. Plaintiffs further state they "do not seek to pursue any claim or remedy outside of the Carmack Amendment," and go on to argue they have sufficiently alleged breach of contract and negligence under the Carmack Amendment. Resp. at 2–5.

Contrary to Plaintiffs' understanding, claims for breach of contract and negligence are state law claims wholly separate from a claim brought under the Carmack Amendment, a federal statute. And by alleging those claims, Plaintiffs indeed seek remedies outside of the Carmack Amendment. Accordingly, Plaintiff's state law claims for breach of contract and negligence are subject to preemption,

State law claims only survive Carmack Amendment preemption "when they target separate and independently actionable harms that are distinct from the loss of, or the damage to, the goods." *Codan Forsikring A/S v. ConGlobal Indus., Inc.*, 315 F. Supp. 3d 1085, 1092 (N.D. Ill. 2018) (cleaned up) (citing *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997)). Here, the Court agrees with Norfolk

Southern that the Carmack Amendment preempts Plaintiffs' claims for breach of contract and negligence, as these claims are solely premised on the damage to Plaintiffs' goods that allegedly occurred while Defendants were transporting those goods in interstate commerce. *REI Transp. Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008). Accordingly, the Court dismisses Counts II and IV.

Norfolk Southern also moves to dismiss Plaintiffs' claim for vicarious liability. Plaintiffs' did not respond to Norfolk Southern's argument here and therefore has waived the issue. *See In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016) ("An argument not responded to is ordinarily deemed waived."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). In any case, [v]icarious liability is not an independent cause of action, but rather is a legal concept used to transfer liability from an agent to a principal". *Gaston v. Ghosh*, 920 F.3d 493, 497 (7th Cir. 2019). Accordingly, the Court dismisses Count III.

## Conclusion

For the foregoing reasons, the Court grants Norfolk Southern's Partial Motion to Dismiss and dismisses Counts II, III, and IV of Plaintiffs' complaint pursuant to Rule 12(b)(6).

Date: May 14, 2025

*Franklin Valderrama*

Judge Franklin U. Valderrama
United States District Judge